**STATE ex MONAHAN, Relator, v. FERGUSON, Aud. et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4494. Decided November 17, 1950.

Matthew L. Bigger, Columbus, for relator.
Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By THE COURT.

This is an action in mandamus originating in this Court in which the relator says that he is employed as an examiner in the office of Joseph T. Ferguson, Auditor for the State of Ohio; that he is and has been assigned in the Division of Liquor audits under said Auditor of State; that his work as such examiner carries him over the State of Ohio, necessitating the expenditure of money for traveling, hotel and other incidental expenses in order to perform and discharge the duties imposed upon him; that his work consists in auditing the various warehouses and stores under the control of the Department of Liquor Control and that this work

carries him all over the State; that he uses his own automobile and pays all operating expenses thereof in performing his duties; that the use of such automobile comes under regulations covering traveling expenses, revised November 14, 1944, promulgated by the Department of Finance; that he was and is entitled to expenses and reimbursement for such expenses and outlay at the rate of six dollars and fifty cents per day for subsistence and six and one-half cents per mile for the use of his automobile. Relator says further that he has personally expended approximately the sum of $1200.00 for such subsistence and use of his automobile over a period of ten months; that he has made claim for such sum to the Auditor of State and that there is now in the fund sufficient money to pay such claim; that in discharging said duties he was acting as agent of the State and is entitled to full reimbursement for expenses actually and necessarily incurred in the discharge of his duties.

The relator states further that the defendant H. D. Defenbacher is the duly appointed and qualified Director of Finance of the State of Ohio and as such it is his duty to certify to the Auditor of State that the money is available under law where with to pay such claim, and that the money is available.

Relator prays that a writ of mandamus be issued requiring these defendants to allow and pay the claim as set forth.

Respondents have filed a demurrer to the petition for the reason that the same does not state a good cause of action.

The question here presented is whether or not the relator's salary is fixed by §276 GC, which fixes the salary for examiners in the Bureau of Inspection and Supervision of Public Offices in the Department of Auditor of State. The relator urges that since he audits the Department of Liquor Control, that he does not come under the provisions of §276 GC. This section provides:

"The chief inspector and supervisor shall appoint such assistants as he deems necessary, who shall be known as state examiners, and assistant state examiners. State examiners and assistant state examiners shall receive the following compensation for each day necessarily employed by them in the discharge of such duties as may be assigned to them and for each day absent on leave, not exceeding twelve days in each year; grade one A examiners, fifteen dollars; grade one B examiners, fourteen dollars; grade one C examiners, thirteen dollars; grade two A examiners, twelve dollars; grade two B examiners, eleven dollars; grade two C

examiners, ten dollars; grade three A examiners, nine dollars; grade three B examiners, eight dollars; grade one A assistant examiners, seven and one-half dollars; grade one B assistant examiners, seven dollars; grade one C assistant examiners, six and one-half dollars; grade two A assistant examiners, six dollars; grade two B assistant examiners, five and one-half dollars; grade two C assistant examiners, five dollars. The chief inspector and supervisor shall determine the grade of each state examiner and assistant state examiner. Each state examiner and assistant state examiner shall be allowed mileage at the rate of five cents per mile when traveling on official business under orders of the chief inspector and supervisor or the deputy inspectors and supervisors, and an allowance of two dollars per day, in lieu of personal maintenance expenses, when away from home or the place of his or her principal assignment. Should any such examiner or assistant be called upon to testify in any legal proceeding in regard to any official matters, they shall be entitled to the compensation and expense herein provided, to be paid in the same manner, but shall not be entitled to witness fees."

The duties of the Bureau of Inspection and Supervision of Public Offices is defined by §274 GC, requiring it to inspect and supervise the accounts of all state offices. We are of the opinion that the duties of the relator bring him within this classification. It will be noted that §6064-10 GC recognizes the duties performed by this relator as coming under the Bureau of Inspection and Supervision of Public Offices, wherein it provides:

"The cost of examination **by state examiners of the bureau of inspection and supervision of public offices** rendered to the department of liquor control, shall be charged against the moneys in the custody of the treasurer of state for the use of the department, by the auditor of state on statements rendered quarterly for services rendered during the preceding quarter." (Emphasis ours.)

The demurrer will be sustained since there is no clear legal duty imposed upon these respondents to allow and pay the expense account claims as submitted.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4494. Decided December 28, 1950.

### OPINION

By THE COURT.

This is an application for a rehearing upon the Court's ruling to the respondents' demurrer to the petition when an amended petition had been filed and which was not considered by the Court.

We have examined the amended petition and find the same legal question is presented, to wit: Whether or not the relator's salary and expenses are fixed by §276 GC, which fixes the salary and expenses for examiners in the Bureau of Inspection and Supervision of Public Offices in the Department of Auditor of State. Therefore, no new question has been presented, and the application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.